UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

STEVEN BRAGORGOS,

　　　　　Plaintiff,

　　v.

ELAINE CHAO, in her capacity as
SECRETARY OF TRANSPORTATION,

　　　　　Defendant.

Case No. 3:17-cv-0358-LRH-(VPC)

ORDER

Before the court is defendant Elaine Chao's ("Chao"), in her capacity as Secretary of the United States Department of Transportation ("DOT"), motion to dismiss. ECF No. 11. Plaintiff Steven Bragorgos ("Bragorgos") filed an opposition (ECF No. 14) to which Chao replied (ECF No. 18).

**I.　　Facts and Procedural Background**

On or about November 30, 2014, Bragorgos was hired by the DOT to work in the Federal Highway Administration as a Finance Manager in Carson City, Nevada. Prior to working with the DOT, Bragorgos served active duty in the United States Army Reserve for over twenty years. During that time, Bragorgos suffered several physical and mental injuries which left him partially disabled. DOT allegedly knew of Bragorgos's disability at the time he was hired.

For the next several years, Bragorgos allegedly performed his job satisfactorily and received three satisfactory job performance evaluations. Beginning in early 2016, Bragorgos's

disabilities intensified culminating in a request for accommodation from the DOT in July 2016. However, Bragorgos alleges that DOT did not provide any accommodation for his disabilities. Instead, on August 8, 2016, Bragorgos was relieved of his supervisory position as a Finance Manager and given duties that he could not easily perform due to his disability. In October 2016, Bragorgos filed an EEOC complaint alleging discrimination based on his age and disability. Then, on or about December 7, 2016, Bragorgos was denied a step increase and given a notice that his performance was no longer satisfactory. He was subsequently placed on a Performance Improvement Plan in January 2017. At the time he was removed as Finance Manager, given new duties that he allegedly could not perform, denied a step increase, and placed on the performance plan, Bragorgos was 53 years old.

On June 8, 2017, Bragorgos filed a complaint against Chao in her official capacity alleging four causes of action: (1) age discrimination in violation of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; (2) violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; (3) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and (4) a hostile and abusive work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.* ECF No. 1. Thereafter, Chao filed the present motion to dismiss. ECF No. 11.

## II. Legal Standard

Defendant Chao seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a legally cognizable cause of action. *See* FED. R. CIV. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this

broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See Id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.     Discussion**

In her motion to dismiss, Chao contends that all four causes of action fail to state a claim upon which relief can be granted. *See* ECF No. 11. Bragorgos concedes in his opposition that his first cause of action for a violation of the ADEA and third cause of action for a violation of the ADA should be dismissed for failure to state a claim. *See* ECF No. 14, p. 12. Therefore, the court shall only address Bragorgos's claims for a violation of the Rehabilitation Act and for a Title VII hostile working environment claim.

**A. Rehabilitation Act**

In her motion to dismiss, Chao contends that Bragorgos has failed to exhaust his administrative remedies related to his Rehabilitation Act claim and therefore, the court is without jurisdiction over this claim. *See* ECF No. 11. As addressed below, the court disagrees and finds that Bragorgos has sufficiently exhausted his administrative remedies as to this claim.

The Rehabilitation Act, codified at 29 U.S.C. § 701 *et seq.*, prohibits discrimination in employment on the basis of an employee's disability. In order for a district court to have subject matter jurisdiction over a claim under the Rehabilitation Act, a plaintiff must have exhausted all available administrative remedies. *See B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002); *see also, Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012). To exhaust all administrative remedies, a plaintiff must timely file a charge with the EEOC identifying the alleged discrimination. *Id.*; *see also, Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2004). Generally, allegations of discrimination not included in the administrative charge "may not be considered by a federal court." *Id*. at 1100. (quoting *Green v. Los Angeles County Superintendent of Schs.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989). However, a federal court's subject matter jurisdiction extends over all allegations of discrimination that fall within the scope of the EEOC charge and are thus "like or reasonably related to the allegations contained in the EEOC charge." *Id*. EEOC charges are construed with "utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Id*. (quoting *Kaplan v. Int'l Alliance of Theatrical & Stage Employees*, 525 F.3d 1354, 1359 (9th Cir. 1975).

The court has reviewed the documents and pleadings on file in this manner and finds that although Bragorgos did not specifically allege a claim under the Rehabilitation Act in his EEOC charge, he did raise a general claim for disability discrimination in that charge and alleges that he told his employers of his disability before the alleged adverse employment actions. *See* ECF No. 13, Ex. 1 (identifying a claim for discrimination based on disability (post-traumatic stress disorder and depression). The court finds that Bragorgos's claim for violation of the Rehabilitation Act is reasonably related to this charge of discrimination based on

disability such that an EEOC investigation on his claim could have been reasonably expected to grow out of that charge. As such, the court finds that Bragorgos's claim under the Rehabilitation Act was properly exhausted and therefore, the court has subject matter jurisdiction over this claim. *See e.g., Leong v. Potter*, 347 F.3d 1117 (9th Cir. 2003) (holding that a claim not specifically mentioned in an EEOC charge, but was likely to grow out of an EEOC investigation into the underlying charge was properly exhausted to invoke the court's subject matter jurisdiction). Accordingly, the court shall deny Chao's motion to dismiss as to this claim.

**B. Title VII**

Chao also contends that Bragorgos has failed to exhaust his administrative remedies as to his Title VII claim and therefore, the court is likewise without jurisdiction over this claim. *See* ECF No. 11. The court agrees.

Title VII prohibits discrimination against an employee on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). Although not explicitly included in the text of Title VII, claims based on a hostile work environment fall within Title VII's protections. *See Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993).

In his EEOC charge, Bragorgos does not raise any claim for a hostile work environment. Although Bragorgos does mention his sex at one point in the charge, his charge of discrimination does not describe any allegedly discriminatory conduct related to his sex. Further, Bragorgos did not tie any of his alleged adverse employment actions in his EEOC charge to his sex. Rather, he relates these employment actions to discrimination based on his age and disability. Further, his hostile working environment claim relies on different theories and different statutes than his other claims. Thus, in contrast to his Rehabilitation Act claim, an EEOC investigation into a claim of a hostile working environment would be unlikely to grow out of his charge of discrimination. Therefore, the court finds that Bragorgos has failed to exhaust his administrative remedies as to his hostile working environment claim. Accordingly, the court shall grant Chao's motion to dismiss this claim.

///

1     IT IS THEREFORE ORDERED that defendant's motion to dismiss (ECF No. 11) is GRANTED in-part and DENIED in-part in accordance with this order. Plaintiff's first cause of action for a violation of the ADEA, third cause of action for a violation of the ADA, and fourth cause of action for a hostile work environment in violation of Title VII are DISMISSED in their entirety from plaintiff's complaint (ECF No. 1).

    IT IS SO ORDERED.

    DATED this 10th day of October, 2017.

                                       LARRY R. HICKS
                                       UNITED STATES DISTRICT JUDGE