UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN BRAGORGOS,<br><br>        Plaintiff,<br>    v.<br><br>ELAINE CHAO, in her capacity as<br>SECRETARY OF TRANSPORTATION,<br><br>        Defendant. | Case No: 3:17-cv-358-LRH-VPC<br><br>**<u>STIPULATED PROTECTIVE ORDER</u>**<br><br>**<u>EXPEDITED REVIEW REQUESTED</u>** |

Plaintiff Steven Bragorgos ("Plaintiff") and Defendant Elaine Chao ("Defendant"), by and through their undersigned counsel, hereby stipulate and request the entry of a protective order as stated herein. This is an action brought under the Rehabilitation Act. The parties anticipate that because of the nature of this action, discovery will include information maintained by Defendant that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, and otherwise subject to protection from disclosure. This order shall be considered an order allowing for disclosure pursuant to 5 U.S.C. § 552a(b)(11).

Through this protective order, the parties seek to address the handling of confidential information, including, but not limited to, testimony, records and information protected by the Privacy Act. In order to permit the parties to discover and disclose to each other such confidential information as is relevant to this case, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate and consent to the following:

1. Defendant is authorized to release to other parties in this case testimony, records and information otherwise protected by the Privacy Act without obtaining prior written consent of the individual(s) to whom such information pertains, provided that such information is relevant to this litigation. Nothing in the protective order is intended to limit or preclude in any way Defendant's existing rights to access and review documents containing Privacy Act information.

2. Whenever counsel for any party believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed personnel, training, medical, and/or other records that are likely to contain confidential information including, but not limited to, testimony, records and information protected by the Privacy Act or the Health Insurance Portability and Protection Act, the following procedures shall be followed:

   a. Counsel for the party producing records containing confidential information shall designate the information as subject to this order by letter and by marking documents containing such information with the notation "CONFIDENTIAL." Upon request from the other party, counsel for the producing party will promptly explain its basis for designating material as being subject to the protective order.

   b. The right of access to all records designated "CONFIDENTIAL" under this order (unless the parties have agreed otherwise or the Court enters a separate order permitting disclosure) shall be limited to the parties, counsel for the parties, consultants, and expert witnesses, as well as staff in their employ with a need for access in order for each party to prosecute or defend this action including, but not limited to, paralegals, legal assistants, and nurses, and any other persons mutually authorized by all counsel to examine such materials. Any person having access to information subject to this order shall be informed that it is confidential and subject to a protective (non-disclosure) order of the Court.

   c. Except as provided herein, no person having access to material designated as subject to this order shall reveal to any person not named in paragraph 2(b) any information contained in such material without further order of the Court or stipulation of the parties.

d. When a CONFIDENTIAL record is marked as an exhibit, or otherwise used during questioning at a deposition, counsel shall inform the court reporter and witness of the CONFIDENTIAL designation, and the document and applicable portions of the deposition transcript shall be treated as CONFIDENTIAL in accordance with the terms of this order.

e. CONFIDENTIAL records shall be filed, if at all, under seal, subject to and in accordance with, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and this Court's CM/ECF filing procedures for sealed materials.

f. If a party disagrees with another party's designation of material as CONFIDENTIAL, and if the parties are unable to resolve the disagreement, the party opposing the designation may seek an order from the Court removing the disputed material from the protection of this protective order. Until any such disagreement is adjudicated, the party in receipt of CONFIDENTIAL materials shall treat the records and information as CONFIDENTIAL in accordance with the terms of this order.

g. Within forty-five (45) days of the conclusion of all trial and appellate proceedings in this case, counsel for the receiving party shall either return to counsel for the producing party all documents and copies of documents designated as "CONFIDENTIAL" under this order or certify that such documents and copies have been destroyed.

h. This order is without prejudice to the rights of any party to introduce, or object to the introduction, into evidence at trial or during summary judgment proceedings any materials that are subject to this order.

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

i. This order is without prejudice to the rights of any party to make any objections to discovery requests as permitted by the Federal Rules of Civil Procedure, statute or other authority.

Respectfully submitted this 6th day of August 2018.

| | |
|---|---|
| LAW OFFICE OF MICHAEL E. LANGTON | DAYLE ELIESON<br>United States Attorney |
| */s/ Michael E. Langton*<br>MICHAEL E. LANGTON, Esq.<br>801 Riverside Drive<br>Reno, Nevada 89503<br>*Attorney for Plaintiff* | */s/ Holly A. Vance*<br>HOLLY A. VANCE<br>Assistant United States Attorney<br>*Attorneys for Defendant* |

IT IS SO ORDERED:

DATED this 14th day of August, 2018

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE